## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SIMON GUOBADIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:24-CV-05346-MHC** |
| **v.** | ) | |
| | ) | |
| **PORSHA WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

In accordance with LR 7.1, NDGa, Defendant, Porsha Williams ("Defendant"), by and through her undersigned counsel, submits this Memorandum of Law in Support of her Motion to Dismiss Plaintiff Simon Guobadia's ("Plaintiff") First Amended Complaint ("Complaint") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 7.]

### I.    INTRODUCTION.

In response to Defendant's original Motion to Dismiss [Doc. 6], Plaintiff has filed the Complaint in an attempt to address fatal deficiencies raised in Defendant's original Motion to Dismiss. However, the amendments in the Complaint are still not enough to survive this Motion to Dismiss, largely based on the same arguments as the initial Motion. Accordingly, the arguments detailed herein are substantially

similar to those detailed in the initial Motion with many of the revisions made to Defendant's arguments regarding Plaintiff's defamation claims.

This case is centered around social media posts posted by Defendant, that discuss the topic of erectile dysfunction. Although Plaintiff alludes to multiple media outlets that sought to connect the posts to Plaintiff, Defendant cannot be held liable for wild speculation by these platforms coupled with the complete absence of factual or legal basis that could plausibly support any of Plaintiff's claims. As detailed herein, none of Defendant's posts refer to any particular individual, let alone Plaintiff specifically. Defendant cannot and should not be held liable for sharing information regarding a common condition that likely plagues many of Defendant's social media followers. For this reason, and the reasons detailed herein, this Court should dismiss Plaintiff's Complaint in its entirety.

## II. DEFENDANT'S SOCIAL MEDIA POSTS THAT ARE THE SOURCE OF PLAINTIFF'S ALLEGATIONS.

To determine whether the subject media posts are actionable, this Court must analyze each post to determine whether the statements were defamatory and whether the posts could plausibly support Plaintiff's claims. The posts highlighted in the Complaint are as follows:

1. In what seems to be, and Plaintiff alleges to be, an introductory post with the initials "ED" – initials commonly used in reference to erectile dysfunction (Complaint, para. 14);



2. A screenshot of the definition of erectile dysfunction (*Id.*, para. 15);



3. A screenshot of information pertaining to how a man may feel with erectile dysfunction (*Id*., para. 16); and



4. Steps an individual can take to help with erectile dysfunction (*Id*., para. 17).



168014869.1

Notably, and definitively, none of these posts mention Plaintiff in any way, shape, or form, and Plaintiff cannot amend his Complaint to change this fact. None of these posts even allude to or claim that any specific person has erectile dysfunction. These posts simply provide information regarding a common condition, and Defendant even uses the hashtag "#Menshealthawareness" to draw awareness to the information that may help some of Defendant's social media followers. Moreover, according to the Complaint, Defendant posted these messages on or about July 9, 2024 – several months after "news broke" of the parties' divorce but only a few days after National Men's Health Month.[1] As detailed herein, this Court should dismiss the Complaint in its entirety, because these posts, on their face or otherwise, do not allude to Plaintiff in any way and merely provide general information about erectile dysfunction which is not actionable under Georgia law.

_____

[1] Although this Court should grant Defendant's Motion to Dismiss based on the posts detailed in the Complaint alone, this Court may take judicial notice that June, the immediate month prior to Defendant's social media posts (according to the Complaint) is National Men's Health Month. Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Of note, "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). *Cobb Theatres III, LLC v. AMC Ent. Holdings, Inc.*, 101 F. Supp. 3d 1319, 1328 (N.D. Ga. 2015).

5

## III.    ARGUMENT AND CITATION OF AUTHORITY.

### a.  Standard.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

### b.  Plaintiff has Not Sufficiently Pled any of his Claims.

Plaintiff raises four (4) causes of action in the Complaint, all of which are centered around the social media posts detailed above: (1) defamation (*per quod*), (2) defamation *per se*, (3) intentional infliction of emotional distress, and (4) invasion of privacy – false light. Defendant addresses each cause of action in turn below.

6

168014869.1

### *i.* **Counts I and II: Defamation *Per Quod* and Defamation *Per Se.***

First, Plaintiff argues that Defendant defamed him by posting the subject social media posts detailed herein. A written defamatory statement is actionable as either libel *per se* or libel *per quod*. *Smith v. DiFrancesco*, 341 Ga. App. 786, 788, (2017). The first substantive amendment in the Complaint is Plaintiff's separation of defamation *per se* and defamation *per quod* into two separate counts. Distinguishing these two counts, however, does not absolve the pleading issues and arguments raised in the initial Motion to Dismiss. This Court must dismiss both of Plaintiff's defamation claims for three (3) reasons: (1) the alleged defamatory statements are not of and concerning Plaintiff, or any individual for that matter; (2) the statement does not qualify as defamation *per se*, because it does not allege that the Plaintiff committed a crime, was dishonest, or immoral, or involved his trade or business; and (3) the statement does not qualify as defamation *per quod*, because, Plaintiff has not, and cannot, sufficiently allege special damages in accordance with Fed. R. Civ. P. 9.

Plaintiff's allegations are centered around social media posts which constitute writings that require an analysis under libel rather than slander. O.C.G.A. § 51-5-1(a) states that "libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and

7

exposing him to public hatred, contempt, or ridicule." "Although as a general rule the question whether a particular communication is defamatory is for the jury, if the statement is not ambiguous and reasonably can have only one interpretation, the question of defamation is one of law for the court." *Speedway Grading Corp. v. Gardner*, 206 Ga. App. 439, 441 (1992). Defendant respectfully submits that the subject social media posts are not ambiguous, and this Court can determine whether they are defamatory as a matter of law.

> 1. *The Subject Posts are Not of and Concerning Plaintiff in Any Way, Shape, or Form.*

This Court must dismiss both of Plaintiff's claims for defamation, because the alleged "false and defamatory statement" is not of or concerning Plaintiff. "In order to satisfy the first element, the alleged defamatory statement must be shown to be false, and, as such, 'a defamation action will lie only for a statement of fact' since 'an opinion or subjective assessment, as to which reasonable minds could differ, cannot be proved false.'" *Cottrell v. Smith*, 299 Ga. 517, 523, reconsideration denied July 25, 2016, adopted, (Ga. Super. 2016), and cert. denied, —— U.S. ——, 137 S.Ct. 648, 196 L.Ed.2d 523 (2017) (citing *Gettner v. Fitzgerald*, 297 Ga. App. 258, 261 (2009) ); *see Bryant v. Cox Enterprises, Inc.*, 311 Ga. App. 230, 234 (2011) ("[A]s a general rule, statements of pure opinion are not capable of being proven false and cannot form the basis of a defamation claim.").

Moreover, words charged as defamatory **must refer to some ascertained or ascertainable person and that person must be the plaintiff**. *See, Ledger–Enquirer Co. v. Brown*, 214 Ga. 422 (1958). "If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo cannot make the person certain which was uncertain before." *Eakin v. Rosen*, No. 7:15-CV-224 (HL), 2017 WL 5709564, at *3 (M.D. Ga. Nov. 27, 2017). "Stated differently, the plaintiff has the burden of showing, *inter alia*, that 'the publication was about the plaintiff, that is, whether it was of and concerning [him] as a matter of identity.'" *Smith*, 291 Ga. App. at 92. Here, the subject posts do not refer to Plaintiff, or any ascertainable person for that matter. There is no reference to any part of Plaintiff's identity to the extent anyone that knew or knew of Plaintiff would understand that the posts were directed at Plaintiff.  Accordingly, this Court should dismiss Plaintiff's defamation claim as detailed in the Complaint.

## 2.   *The Subject Posts Do Not Constitute Defamation Per Se.*

"Defamatory words which are actionable *per se* are those which are recognized as injurious on their face—without the aid of extrinsic proof. [In contrast], if the defamatory character of the words does not appear on their face but only become defamatory by the aid of extrinsic facts, they are not defamatory *per se*, but *per quod*, and are said to require innuendo." *Smith v. Stewart*, 291 Ga. App. 86, 96 (2008). "When determining whether words are defamatory as a matter of law,

9

courts may not hunt for strained constructions . . . and must rely upon the words themselves in considering whether a statement was defamatory *per se*." *Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685, 688 (1998). "The law is abundantly clear in Georgia—words that are libelous *per se* do not need innuendo." *Id.*

> Libel *per se* "[c]onsist[s] of a charge that one is guilty of a crime, dishonesty or immorality. Statements that tend to injure one in his trade or business also are libelous *per se*. When determining whether words are defamatory as a matter of law, courts may not hunt for strained constructions and must rely upon the words themselves in [ ] considering whether a statement was defamatory *per se*. Defamatory words which are actionable *per se* are those which are recognized as injurious on their face—without the aid of extrinsic proof. However, if the defamatory character of the words does not appear on their face but [they] only become defamatory by the aid of extrinsic facts, they are not defamatory *per se*, but *per quod*, and are said to require innuendo. The law is abundantly clear in Georgia—words that are libelous *per se* do not need innuendo. *StopLoss Specialists, LLC v. VeriClaim, Inc.,* 340 F. Supp. 3d 1334, 1350 (N.D. Ga. 2018).

Here, the subject posts do not constitute libel *per se* because they do not charge Plaintiff with any crime, dishonesty, or immorality as they do not mention Plaintiff at all. To connect these posts to the Plaintiff requires an impermissible leap and innuendo that Georgia law plainly does not permit. Moreover, regarding Plaintiff's claims of injury to his trade or business,

> "the kind of aspersion necessary to come under this phase of the rule of [defamation] *per se* must be one that is especially injurious to the plaintiff's reputation because of

10

the particular demands or qualifications of plaintiff's vocation. The words must either be spoken of the plaintiff in connection with his calling or they must be of such a nature such as to charge him with some defect of character or lack of knowledge, skill, or capacity as necessarily to affect his competency successfully to carry on his business, trade, or profession." *Smith*, 341 Ga. App. at 788.

Here, the Complaint vaguely mentions that Plaintiff is "a successful businessman, entrepreneur, and philanthropist with a respected reputation in the energy and hospitality sectors." (Complaint, para. 5.) Even assuming *arguendo* that Defendant had identified Plaintiff by name—which she clearly did not do—even in that circumstance, Plaintiff has not (and cannot) detail any injury to his business, trade or profession that would arise from a statement that Plaintiff has erectile dysfunction. *A fortiori,* Defendant's posting of general information regarding erectile dysfunction, without a single mention of or even allusion to Plaintiff, cannot possibly meet the legal requirements for a claim of defamation *per se*. All of Plaintiff's arguments in this regard are not at all plausible and should therefore be dismissed by this Court.

### 3. *The Subject Posts Do Not Constitute Defamation Per Quod.*

To establish a viable claim sounding in defamation *per quod*, a plaintiff must plead and prove the following four elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault

by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *Smith v. DiFrancesco*, 341 Ga. App. 786, 787–88 (2017), cert. denied (Dec. 11, 2017); *Wertz v. Allen*, 313 Ga. App. 202, 205 (2011). Unlike libel *per se*, actions alleging libel *per quod* must set forth and prove "special damages," or the action must be dismissed. *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1299 (N.D. Ga.), aff'd, 312 F.3d 1222 (11th Cir. 2002). Just as this Court must dismiss Plaintiff's claim of defamation *per se*, so, too, this Court must dismiss Plaintiff's defamation *per quod* claim. "Special damages are those damages that actually flowed from the act. More specifically, special damages are sustained where there is a loss of money, or some other material temporal advantage capable of being assessed in monetary value." *Id*. (*see also* O.C.G.A. 51-12-2(b)). Fed. R. Civ. P. Rule 9(g) requires special damages to be "specifically stated." In the Complaint, Plaintiff's other "notable" amendments pertain to his alleged damages. Plaintiff claims to have "suffered ongoing psychological and reputational harm, including business relationships being severed due to the public scandal." (Complaint, para. 71.) Plaintiff also alleges "continuing harm and anticipated damages" that are completely speculative. (Complaint, paras. 81-84.) These vague and speculative allegations fail to note how his damages *actually flowed* from Defendant's subject posts, and what money or material

temporal advantage was lost. As such, this Court should dismiss Plaintiff's defamation claims.

### ii. Count III: Intentional Infliction of Emotional Distress.

Next, Plaintiff argues and alleges that Defendant's social media posts give rise to a claim for intentional infliction of emotional distress. This Court must deny Plaintiff's claim for intentional infliction of emotional distress because Plaintiff has not, and cannot, plead facts which would make Plaintiff's claim plausible on its face. "Under Georgia law, a claim of IIED has four elements: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the plaintiff's emotional distress was severe." *Giles v. Manser*, 757 F. App'x 891, 893 (11th Cir. 2018). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1258 (11th Cir. 2016). To support a claim of IIED, the conduct at issue must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community" and "naturally give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress." *Id*.

13

Here, the alleged "conduct" of Defendant is simply not outrageous or egregious, and certainly not outrageous enough to support Plaintiff's IIED claim. Defendant merely posted general information about erectile dysfunction, and never directly, or indirectly, referenced or alluded to Plaintiff. As Plaintiff improperly pled in his defamation causes of action, many of Plaintiff's allegations were impermissible shotgun pleading that merely recited the elements but failed to provide factual enhancement to plausibly support his claims. Therefore, this Court should dismiss Plaintiff's intentional infliction of emotional distress claim.

### iii.  <u>Count IV: Invasion of Privacy – False Light.</u>

Lastly, Plaintiff asserts an invasion of privacy – false light claim as an alternative cause of action based on Defendant's alleged defamatory posts. "To establish a claim of false light invasion of privacy, a plaintiff must show the existence of false publicity that depicts the plaintiff as something or someone which he is not. Next, the plaintiff must demonstrate that the false light in which he was placed would be highly offensive to a reasonable person." *Andrews v. D'Souza*, 696 F. Supp. 3d 1332, 1356 (N.D. Ga. 2023) (citing *Doe v. Roe*, 362 Ga. App. 23, 32 (2021) (quoting *Williams v. Cobb Cnty. Farm Bureau*, 312 Ga. App. 350, 353 (2011)). *See also, Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685, 689–90 (1998) (indicating the plaintiff must have been depicted as something he is not)).

14

Importantly, "to survive as a separate cause of action, a false light claim must allege a nondefamatory statement. If the statements alleged are defamatory, the claim would be for defamation only, not false light invasion of privacy." *Krass v. Obstacle Racing Media, LLC*, 667 F. Supp. 3d 1177, 1214 (N.D. Ga. 2023). Here, the social media posts do not depict Plaintiff as anything or anyone, as they neither mention or allude to Plaintiff in any manner. Plaintiff's allegations that he was somehow injured by Defendant's posts are not plausible and are without merit. Accordingly, this Court should dismiss Plaintiff's claim for invasion of privacy, along with his other claims.

## IV.    CONCLUSION.

For the foregoing reasons, Defendant, Porsha Williams, respectfully requests that this Court dismiss Plaintiff's Complaint in this action in its entirety, and grant Defendant, Porsha Williams, such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted this 7th day of February, 2025.

**FOX ROTHSCHILD LLP**

By:    ***/s/ Jordan B. Forman***
       Jordan B. Forman
       Georgia Bar No. 269298
       Gerald T. Chichester
       Georgia Bar No. 210202
       999 Peachtree Street, NE, Suite 1500
       Atlanta, Georgia 30309

Telephone:   (404) 962-1000
Facsimile:    (404) 962-1200
jforman@foxrothschild.com
gchichester@foxrothschild.com
*Counsel for Defendant*

168014869.1

## <u>CERTIFICATION PURSUANT TO LR 7.1, NDGa</u>

Pursuant to LR 7.1(D), NDGa, the undersigned counsel certifies that this

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO**

**DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was prepared in

Times New Roman 14-point font as approved by the Court in LR 5.1(B), NDGa.

Respectfully submitted this 7th day of February, 2025.

**FOX ROTHSCHILD LLP**

By:    <u>*/s/ Jordan B. Forman*</u>
       Jordan B. Forman
       Georgia Bar No. 269298
       Gerald T. Chichester
       Georgia Bar No. 210202
       Fox Rothschild LLP
       999 Peachtree Street, NE
       Suite 1500
       Atlanta, Georgia 30309
       Telephone:   (404) 962-1000
       Facsimile:   (404) 962-1200
       jforman@foxrothschild.com
       gchichester@foxrothschild.com
       *Counsel for Defendant*

168014869.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of February, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent e-mail notification of such filing to the following attorneys of record:

> Alcide L. Honoré, Esq.
> Honore Law, LLC
> 675 Ponce De Leon Avenue, NE
> Suite NE223
> Atlanta, Georgia, 30308
> E-Mail: ahonore@honorelaw.com
> *Counsel for Plaintiff*

This 7th day of February, 2025.

**FOX ROTHSCHILD LLP**

By:    ***/s/ Jordan B. Forman***
> Jordan B. Forman
> Georgia Bar No. 269298
> Gerald T. Chichester
> Georgia Bar No. 210202
> 999 Peachtree Street, NE
> Suite 1500
> Atlanta, Georgia 30309
> Telephone:  (404) 962-1000
> Facsimile:   (404) 962-1200
> jforman@foxrothschild.com
> gchichester@foxrothschild.com
> *Counsel for Defendant*

168014869.1