# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SIMON GUOBADIA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:24-CV-05346-MHC** |
| v. | ) | |
| | ) | |
| PORSHA WILLIAMS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

In accordance with LR 7.1, NDGa, Defendant, Porsha Williams ("Defendant"), by and through her undersigned counsel, submits this Reply in Support of her Motion to Dismiss Plaintiff Simon Guobadia's ("Plaintiff") First Amended Complaint ("Complaint") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 7.]

## I.    INTRODUCTION.

In response to Defendant's first Motion to Dismiss [Doc. 6], Plaintiff amended his pleadings, but the amendments still did not address the fatal pleading errors that warrant dismissal of Plaintiff's claims in their entirety. First, Plaintiff's claim for defamation *per se* fails because the plain language of the alleged statements do not defame the Plaintiff, or anyone else, for that matter, in any way. Second, Plaintiff's

169149836.1

claim for defamation *per quod* fails because Plaintiff fails to sufficiently plead

special damages as required by Georgia and Federal Law. Here Plaintiff relies upon

general, conclusory statements that do not meet the required pleading standard.[1]

Third, Plaintiff's claim for intentional infliction of emotional distress fails because

the alleged conduct does not rise to the required extreme and outrageous conduct to

support a claim for intentional infliction of emotional distress. Lastly, Plaintiff's

claim for false light must fail because Defendant did not depict Plaintiff as anyone

or anything in the alleged statements. Moreover, Plaintiff's allegations regarding the

speculation from readers and media outlets cannot and do not change Defendant's

statements into depictions of Plaintiff. Accordingly, Defendant requests that his

Court dismiss the Complaint in its entirety.

## II.    ARGUMENT AND CITATION OF AUTHORITY.

### a. Plaintiff Fails to State a Claim for Defamation *Per Se*, because the Statements, without Plaintiff's "Contextual" Allegations, Do Not Mention the Plaintiff at all, Let Alone Rise to the Specific Burden For Defamation Per Se.

This Court should dismiss Plaintiff's claim for defamation *per se* because the

Court must analyze the words themselves without the aid of extrinsic facts alleged

---

[1] Although Defendant concedes that an analysis of whether the statements are "of or concerning" Plaintiff is likely a factual analysis, Plaintiff has still failed to meet his pleading burden with regard to the other required elements of his defamation claims.

by Plaintiff. As alluded to in the Motion to Dismiss, "if the defamatory character of the words does not appear on their face but [they] only become defamatory by the aid of extrinsic facts, they are not defamatory *per se*, but *per quod*, and are said to require innuendo." *StopLoss Specialists, LLC v. VeriClaim, Inc.,* 340 F. Supp. 3d 1334, 1350 (N.D. Ga. 2018). Here, without considering any of Plaintiff's "contextual clues," and solely analyzing the statements detailed in the Complaint, the statements cannot constitute defamation *per se* without a reference or even suggestion that the statements refer to Plaintiff, or anyone in particular. Plaintiff's focus on whether a statement referring to sexual health could constitute defamation *per se* does not address this issue and notably ignores the Court's applicable standard of review. Nonetheless, Defendant submits that the matter at bar is distinguishable from the two cases Plaintiff relies upon in support of his defamation *per se* positions: (1) *Martin v. Outlaw*, 186 Ga. App. 292 (1988); and (2) *Mathis v. Cannon*, 276 Ga. 16 (2002).

Alarmingly, counsel for Defendant was unable to locate the case *Martin v. Outlaw* cited by Plaintiff. Although counsel for Defendant was able to locate *Mathis v. Cannon*, Defendant submits that this case is inapplicable and does not relate to the proposition for which Plaintiff cites it. 276 Ga. 16 (2002). In contrast to the alleged statements in this action, the Georgia Supreme Court in *Mathis* held that messages concerning the plaintiff's involvement in an unprofitable operation of solid waste

169149836.1

recovery created a genuine issue of material fact as to whether the poster knowingly or recklessly published false and defamatory statements. *Id*. at 25. The Court determined that the plaintiff was a limited-purpose public figure which required a higher standard of fault than a private party. *Id*. Here, Plaintiff submits that he is a public figure but fails to draw any connections between erectile dysfunction and his alleged career or trade. The defendant in *Mathis* made comments that specifically pertain to the opposing party's profession. Notably, *Mathis* does not mention the citation "calculated to injure him" anywhere in the opinion that Plaintiff has falsely represented to the Court. Defendant respectfully submits that Plaintiff's "citations" are troublesome and should be deemed as impermissible misrepresentations to this Court. Aside from Plaintiff's attempts to misquote case law to his benefit, his arguments regarding defamation *per se* are without merit and should be dismissed in their entirety.

b. **Plaintiff Fails to State a Claim for Defamation *Per Quod*, Because Plaintiff Fails to Specifically Plead Special Damages as Required By Federal And Georgia Law.**

Unlike libel *per se*, actions alleging libel *per quod* must set forth and prove "special damages," or the action <u>must be dismissed</u>. *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1299 (N.D. Ga.), aff'd, 312 F.3d 1222 (11th Cir. 2002) (emphasis added). "Special damages are those damages that actually flowed from the act. More specifically, special damages are sustained where there is a loss of money, or some

other material temporal advantage capable of being assessed in monetary value." *Id.* (*see also* O.C.G.A. 51-12-2(b)). Fed. R. Civ. P. Rule 9(g) requires special damages to be "specifically stated."

Here, Plaintiff, without citation to any authority, submits that he is not required to plead special damages because he has also alleged defamation *per se*. This position, respectfully, makes no sense. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, Plaintiff has alleged both defamation *per se* and defamation *per quod*, and he is required to sufficiently plead each claim or this Court must dismiss any claim not sufficiently pled in its entirety. Alleging defamation *per se* in conjunction with defamation *per quod* does not absolve Plaintiff from meeting the pleading requirements for either claim. *See Bell v. Johnson Publ'g Co., LLC,* No. 7:16-CV-16 (HL), 2018 WL 357888, at *6 (M.D. Ga. Jan. 10, 2018).

Plaintiff then highlights "concrete injuries" that he contends satisfy the special damages pleading requirement to allege defamation *per quod*: "diminished business opportunities, reputational harm, and mental anguish severe enough to interfere with

Plaintiff's personal and professional relationships." (Response, p. 9.) Consistent with his other citations, Plaintiff submits that *Smith v. DiFrancesco* supports his argument under defamation *per quod* even though the Georgia Court of Appeals only analyzed defamation *per se* and specifically noted that the trial court found, and plaintiff conceded, that plaintiff alleged only libel *per se*. 341 Ga. App. 786, 788 (2017).

The analysis by this Court in *Beckman v. Regina Caeli, Inc.*, is directly comparable to the facts at bar. *Beckman v. Regina Caeli, Inc.,* No. 1:23-CV-06000-SEG, 2024 WL 5162409 (N.D. Ga. Sept. 23, 2024). This Court held that the plaintiffs in *Beckman* failed to sufficiently plead special damages where the plaintiffs sought "economic damages sustained in the past," "economic damages that, in reasonable probability, will be sustained in the future," and reputational damages. *Id*. at 18. This Court reasoned that conclusory descriptions of damages did not provide sufficient specificity to survive a motion to dismiss. *Id*. Here, as the plaintiffs in *Beckman*, Plaintiff has completely failed to allege special damages. The Complaint is completely devoid of any specific allegations pertaining to any loss of money, or some other damage Plaintiff incurred that is capable of being assessed in monetary value. Moreover, damages from "mental anguish" routinely constitute general damages rather than special damages as required for Plaintiff's claim for defamation *per quod*. O.C.G.A. § 51-12-2.

169149836.1

### c. Plaintiff Fails to Sufficiently Plead his Intentional Infliction of Emotional Distress Claim, Because Plaintiff Fails to Allege Conduct That Conceivably Constitutes More Than an Insult, Annoyance, or Petty Oppression.

The burden that a plaintiff must meet in order to prevail on this claim is a stringent one. *Fields v. Atlanta Indep. Sch. Sys.*, 916 F. Supp. 2d 1348, 1374 (N.D. Ga. 2013). Under Georgia law, a claim of intentional infliction of emotional distress contains the following elements: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe." *United Parcel Service v. Moore*, 238 Ga. App. 376, 377 (1999). In order to be sufficiently extreme and outrageous, the conduct must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. Actionable conduct generally does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living." *Id*. Even intentional conduct "will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff." *Pierce v. Warner Bros Ent., Inc.*, 237 F. Supp. 3d 1375, 1381 (M.D. Ga. 2017).

Here, as highlighted in the Motion to Dismiss, the alleged statements do not refer to or reference Plaintiff in any way. As such, the statements do not warrant a recovery by Plaintiff for intentional infliction of emotional distress since the alleged conduct was not directed toward Plaintiff. *In arguendo*, if this Court construes the context highlighted by Plaintiff to mean that the posts were directed at or specifically referenced Plaintiff, which they do not, the statements still do not amount to anything more than an insult, annoyance, or petty oppression that still does not constitute conduct that is "extreme and outrageous" as required by Georgia law. Accordingly, this Court should deny Plaintiff's claim for intentional infliction of emotional distress.

> **d. Plaintiff Fails to State a Claim for False Light, because the Alleged Statements Do Not Depict Plaintiff in Any Way, and Mental Innuendos of Readers Cannot Change the Alleged Statements to Depictions of the Plaintiff.**

For a party to sustain a claim for false light, a plaintiff must establish the existence of false publicity that "depicts the plaintiff as something or someone which [he] is not." *Ass'n Servs., Inc. v. Smith*, 249 Ga. App. 629, 633 (2001). Notably, "[w]hatever innuendos people may draw" from a statement "is a matter of individual thought processes, not enhanced, abetted, distorted or misrepresented" by the party that allegedly published the statement. *Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685, 690 (1998). Here, Plaintiff's claim for false light fails because the subject posts

169149836.1

do not depict Plaintiff as anything or anyone. Moreover, the various alleged innuendos that a reader of the statements may draw cannot be considered to determine whether the statements depict Plaintiff in any way. Without Plaintiff's "contextual" allegations in the Complaint, the alleged statements are not connected to Plaintiff in any way. Accordingly, Plaintiff's claim for false light should be dismissed along with Plaintiff's other claims for the reasons detailed herein.

## III.   CONCLUSION.

For the foregoing reasons, Defendant, Porsha Williams, respectfully requests that this Court dismiss Plaintiff's Complaint in this action in its entirety, and grant Defendant, Porsha Williams, such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted this 5th day of March, 2025.

FOX ROTHSCHILD LLP

By:   */s/ Jordan B. Forman*
        Jordan B. Forman
        Georgia Bar No. 269298
        Gerald T. Chichester
        Georgia Bar No. 210202
        999 Peachtree Street, NE
        Suite 1500
        Atlanta, Georgia 30309
        Telephone:   (404) 962-1000
        Facsimile:   (404) 962-1200
        jforman@foxrothschild.com
        gchichester@foxrothschild.com
        *Counsel for Defendant*

169149836.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2025, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system, which

automatically sent e-mail notification of such filing to the following attorneys of

record:

> Alcide L. Honoré, Esq.
> Honore Law, LLC
> 675 Ponce De Leon Avenue, NE
> Suite NE223
> Atlanta, Georgia, 30308
> E-Mail: ahonore@honorelaw.com
> *Counsel for Plaintiff*

This 5th day of March, 2025.

**FOX ROTHSCHILD LLP**

By:   ***/s/ Jordan B. Forman***
      Jordan B. Forman
      Georgia Bar No. 269298
      Gerald T. Chichester
      Georgia Bar No. 210202
      999 Peachtree Street, NE
      Suite 1500
      Atlanta, Georgia 30309
      Telephone:  (404) 962-1000
      Facsimile:   (404) 962-1200
      jforman@foxrothschild.com
      gchichester@foxrothschild.com
      *Counsel for Defendant*

169149836.1

<u>**CERTIFICATION PURSUANT TO LR 7.1, NDGa**</u>

Pursuant to LR 7.1(D), NDGa, the undersigned counsel certifies that this

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO**

**DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was prepared in

Times New Roman 14-point font as approved by the Court in LR 5.1(B), NDGa.

Respectfully submitted this 5th day of March, 2025.

FOX ROTHSCHILD LLP

By:    /s/ *Jordan B. Forman*
Jordan B. Forman
Georgia Bar No. 269298
Gerald T. Chichester
Georgia Bar No. 210202
Fox Rothschild LLP
999 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
Telephone:  (404) 962-1000
Facsimile:   (404) 962-1200
jforman@foxrothschild.com
gchichester@foxrothschild.com
*Counsel for Defendant*

169149836.1