# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SIMON GUOBADIA, | ) |
| | ) |
| Plaintiff, | )  CIVIL ACTION FILE NO. |
| | )    1:24-CV-05346-MHC |
| v. | ) |
| | ) |
| PORSHA WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT PORSHA WILLIAMS' ANSWER TO PLAINTIFF SIMON GUOBADIA'S AMENDED COMPLAINT

In accordance with Fed. R. Civ. P. Rule 12(a)(4)(A), Defendant, Porsha Williams ("Defendant"), by and through her undersigned counsel, files this, her Answer to Plaintiff Simon Guobadia's ("Plaintiff") First Amended Complaint ("Complaint") [Doc. 7] and states as follows:

### AFFIRMATIVE AND GENERAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The statements alleged to be defamatory are true, and truth is a complete defense to defamation.

170449350.8

**THIRD DEFENSE**

Defendant did not act with actual malice, which is required for a defamation claim involving a public figure as Plaintiff claimed to be in his Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, p. 7 [Doc. 10.]

**FOURTH DEFENSE**

Even if the statements are deemed to be directed toward Plaintiff, which they were not, Plaintiff's claims must fail because he has not suffered any damages as a result of the alleged statements.

**FIFTH DEFENSE**

Defendant reserves the right to assert additional defenses and/or counterclaims as discovery proceeds.

**SIXTH DEFENSE**

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

**INTRODUCTION**

1. Defendant denies the allegations contained in this paragraph of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

170449350.8

3. Defendant denies the allegations contained in this paragraph of the Complaint.

4. Defendant denies the allegations contained in this paragraph of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations regarding where the Plaintiff currently resides. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

7. Defendant admits the allegations contained in this paragraph of the Complaint.

8. Defendant submits that the screenshot referred to in this paragraph is the best evidence of its contents. Furthermore, Defendant admits the remaining allegations in this paragraph of the Complaint.

## JURISDICTION AND VENUE

9. Defendant admits that the parties are citizens of different states but denies the amount in controversy exceeds $75,000.

170449350.8

10. Defendant admits the allegations contained in this paragraph of the Complaint.

## FACTUAL BACKGROUND

11. Defendant admits the allegations contained in this paragraph of the Complaint.

12. Defendant submits that the websites referred to in this paragraph is the best evidence of its contents. Defendant admits the remaining allegations contained in this paragraph of the Complaint.

13. Defendant denies the allegations contained in this paragraph of the Complaint.

14. Defendant admits that she posted statements concerning erectile dysfunction on or about July 9, 2024. Defendant denies that these posts were intentionally crafted to imply that Plaintiff suffers from this condition. Furthermore, Defendant submits that the Instagram screenshot referred to in this paragraph is the best evidence of its contents.

15. Defendant admits the allegations contained in this paragraph of the Complaint. Defendant submits that the Instagram screenshot referred to in this paragraph is the best evidence of its contents.

170449350.8

16. Defendant admits the allegations contained in this paragraph of the Complaint. Defendant submits that the Instagram screenshot referred to in this paragraph is the best evidence of its contents.

17. Defendant admits the allegations contained in this paragraph of the Complaint. Defendant submits that the Instagram screenshot referred to in this paragraph is the best evidence of its contents.

18. Defendant admits to using the hashtag #MensHealthAwareness in connection with the posts. Defendant denies the allegation that these posts were directed at Plaintiff.

19. Defendant denies the allegations contained in this paragraph of the Complaint.

20. Defendant denies the allegations contained in this paragraph of the Complaint.

21. Defendant admits the allegations contained in this paragraph of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint. Defendant submits that the articles and posts referred to in this paragraph are the best evidence of its contents.

23. Defendant submits that the article and screenshot referred to in this paragraph are the best evidence of its contents.

24. Defendant submits that the article referred to in this paragraph is the best evidence of its contents.

25. Defendant submits that the article referred to in this paragraph is the best evidence of its contents. Defendant denies the Instagram posts were "false and defamatory."

26. Defendant submits that the Instagram posts and screenshot referred to in this paragraph are the best evidence of its contents.

27. Defendant submits that the Instagram page and screenshot referred to in this paragraph are the best evidence of its contents. Defendant denies that the posts referenced "leave no doubt" that Defendant's comments about ED referred to Plaintiff.

28. Defendant submits that the Instagram posts and page referred to in this paragraph are the best evidence of its contents.

29. Defendant submits that the article referred to in this paragraph is the best evidence of its contents.

30. Defendant submits that the Instagram page and screenshot referred to in this paragraph are the best evidence of its contents. Defendant denies that Defendant's posts contain "false statements" about Plaintiff.

31. Defendant denies the allegations contained in this paragraph of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations regarding whether Defendant has been diagnosed with ED. Defendant denies the remaining allegations contained in this paragraph of the Complaint in that Defendant believes Plaintiff does suffer from ED, whether or not it has been diagnosed. Lastly, Defendant's statements on her Instagram provided general men's health information and were not false.

34. Defendant denies the allegations contained in this paragraph of the Complaint.

35. Defendant denies the allegations contained in this paragraph of the Complaint.

36. Defendant denies the allegations contained in this paragraph of the Complaint.

37. Defendant denies the allegations contained in this paragraph of the Complaint.

38. Defendant denies that Defendant's posts were a "false and defamatory portrayal" of Plaintiff. For the remaining allegations in this paragraph, Defendant

170449350.8

lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

## CAUSE OF ACTION FOR DEFAMATION

39. Defendant repeats and realleges the allegations in paragraphs 1 through 38 as if set forth fully herein.

40. This paragraph is a recitation of the elements of a cause of action for defamation and does not require a response. To the extent that a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

41. Defendant denies the allegations contained in this paragraph of the Complaint.

42. Defendant admits the allegations contained in this paragraph of the Complaint.

43. Defendant denies the allegations contained in this paragraph of the Complaint.

44. Defendant denies that Defendant's posts were "false and defamatory statements." For the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

170449350.8

46. Defendant denies the allegations contained in this paragraph of the Complaint.

47. Defendant denies the allegations contained in this paragraph of the Complaint.

48. Defendant denies the allegations contained in this paragraph of the Complaint.

49. Defendant denies that Defendasnt's posts were "false statements," "defamatory statements," or "falsehoods." For the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

50. Defendant denies the allegations contained in this paragraph of the Complaint.

51. Defendant denies the allegations contained in this paragraph of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint. Defendant denies the allegations contained in this paragraph of the Complaint that characterize Defendant's statements as defamatory.

53. Defendant denies the allegations contained in this paragraph of the Complaint.

## CAUSE OF ACTION FOR DEFAMATION PER SE

54. Defendant repeats and realleges the allegations in paragraphs 1 through 53 as if set forth fully herein.

55. This Court dismissed Plaintiff's claim for Defamation Per Se in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

56. This Court dismissed Plaintiff's claim for Defamation Per Se in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

57. This Court dismissed Plaintiff's claim for Defamation Per Se in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

58. This Court dismissed Plaintiff's claim for Defamation Per Se in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

59. This Court dismissed Plaintiff's claim for Defamation Per Se in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

## CAUSE OF ACTION FOR INTENTIAL INFLICTION OF EMOTIONAL DISTRESS

60. Defendant repeats and realleges the allegations in paragraphs 1 through 59 as if set forth fully herein.

61. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

62. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

63. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

64. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

65. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

66. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

67. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

68. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

69. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

170449350.8

70. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

71. This Court dismissed Plaintiff's claim for Intentional Infliction of Emotional Distress in its ordered entered on March 31, 2025. To the extent a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

## CAUSE OF ACTION FOR INVASION OF PRIVACY – FALSE LIGHT

72. Defendant repeats and realleges the allegations in paragraphs 1 through 71 as if set forth fully herein.

73. This paragraph is a recitation of the elements of a cause of action for invasion of privacy and does not require a response. To the extent that a response is required, Defendant denies the allegations contained in this paragraph of the Complaint.

74. Defendant denies the allegations contained in this paragraph of the Complaint.

75. Defendant denies the allegations contained in this paragraph of the Complaint.

170449350.8

76. Defendant denies the allegations contained in this paragraph of the Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph of the Complaint.

78. Defendant denies the allegations contained in this paragraph of the Complaint.

79. Defendant denies the allegations contained in this paragraph of the Complaint.

80. Defendant denies the allegations contained in this paragraph of the Complaint.

**CONTINUING HARM AND ANTICIPATED DAMAGES**

81. Defendant denies the allegations contained in this paragraph of the Complaint.

82. Defendant denies the allegations contained in this paragraph of the Complaint.

83. Defendant denies the allegations contained in this paragraph of the Complaint.

84. Defendant denies the allegations contained in this paragraph of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 84 titled "PRAYER FOR RELIEF."

WHEREFORE, Defendant, Porsha Williams, prays for relief against Plaintiff, Simon Guobadia, as follows:

1. That this Court dismiss the Complaint and all Counts therein;
2. That this Court grant judgment in favor of Defendant and against Plaintiff;
3. That this Court award reasonable attorney's fees in favor of Defendant and against Plaintiff; and
4. That this Court grant such other and further relief it deems just and proper.

Respectfully submitted this 11th day of April, 2025.

                                              **FOX ROTHSCHILD LLP**

By:  ***/s/ Jordan B. Forman***
      Jordan B. Forman
      Georgia Bar No. 269298
      Gerald T. Chichester
      Georgia Bar No. 210202
      999 Peachtree Street, NE
      Suite 1500
      Atlanta, Georgia 30309
      Telephone:  (404) 962-1000
      Facsimile:   (404) 962-1200
      jforman@foxrothschild.com
      gchichester@foxrothschild.com
      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent e-mail notification of such filing to the following attorneys of record:

>Alcide L. Honoré, Esq.
>Honore Law, LLC
>675 Ponce De Leon Avenue, NE
>Suite NE223
>Atlanta, Georgia, 30308
>E-Mail: ahonore@honorelaw.com
>*Counsel for Plaintiff*

This 11th day of April, 2025.

**FOX ROTHSCHILD LLP**

By:  ***/s/ Jordan B. Forman***
Jordan B. Forman
Georgia Bar No. 269298
Gerald T. Chichester
Georgia Bar No. 210202
999 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 962-1000
Facsimile: (404) 962-1200
jforman@foxrothschild.com
gchichester@foxrothschild.com
*Counsel for Defendant*

170449350.8