## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SIMON GUOBADIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:24-CV-05346-MHC** |
| **v.** | ) | |
| | ) | |
| **PORSHA WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT PORSHA WILLIAMS' INITIAL DISCLOSURES

COMES NOW, Defendant Porsha Williams ("Defendant"), and hereby submits her Initial Disclosures pursuant to LR 26.1(A), NDGa., as follows:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Not Applicable. Defendant is properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

173068977.3

**Not Applicable. Defendant does not contend that there are any other necessary parties to this action.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendant submits that this matter is centered around social media posts posted by Defendant that discuss the topic of erectile dysfunction. At the outset, Defendant cannot be held liable for wild speculation by media platforms highlighted by Plaintiff Simon Guobadia ("Plaintiff"). A review of the subject social media posts shows that Defendant's posts do not refer to any particular individual, let alone Plaintiff specifically. Here, the subject social media posts provide general information regarding erectile dysfunction. Defendant understands these general statements and the information provided to be true, and in no way intended them to be defamatory statements regarding anyone, let alone Plaintiff. As such, Defendant asserts that Plaintiff's claims are barred by the doctrine of truth and asserts truth as a complete defense.**

**Moreover, Defendant has not acted with actual malice, which is required for a defamation claim involving a public figure as Plaintiff claimed to be in his Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint. [Doc. 10, p.7.] Furthermore, even if the statements detailed in the posts were deemed to be directed toward Plaintiff, which they were not,**

Plaintiff's claims still fail because he has not suffered any damages as a result of the alleged statements.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Privilege:** "Georgia law recognizes two different kinds of privileged communications, absolute and conditional." *Wertz v. Allen*, 313 Ga. App. 202 (2011). Communications afforded absolute privilege cannot form the basis of a defamation action under any circumstances, "regardless of the falsity of the statements or the speaker's malicious intent." *StopLoss Specialists, LLC v. VeriClaim, Inc.*, 340 F. Supp. 3d 1334, 1348 (N.D. Ga. 2018) (quoting *Wertz*, 721 S.E.2d at 126). "[C]onditionally privileged statements, on the other hand, are actionable upon a showing of malice." *Id.*

**Defamation Per Quod:** "[I]f the defamatory character of the words [does] not appear on their face but only become defamatory by the aid of extrinsic facts, they are not defamatory per se, but per quod, and are said to require innuendo." *Id.* "Unlike libel per se, actions alleging libel per quod must set forth and prove 'special damages,' or the action must be dismissed." *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1299 (N.D. Ga. 2002), *aff'd*, 312 F.3d 1222 (11th Cir. 2002) (citing *Sumner v. First Union Nat'l Bank*, 200 Ga. App. 729, 409

S.E.2d 212 (1991)); *Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685 (1998) ("An essential element of an action for libel per quod is that the plaintiff be able to show special damages."). "These special damages must be the loss of money, or of some other material temporal advantage capable of being assessed in monetary value." *Zarach*, 500 S.E.2d at 5.

Under Georgia law, libel is statutorily defined as the "false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1(a). To establish a viable claim sounding in defamation, a plaintiff must plead and prove the following four elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *Smith v. DiFrancesco*, 341 Ga. App. 786, 787–88, 802 S.E.2d 69, 72 (2017), *cert. denied* (Dec. 11, 2017); *Wertz v. Allen*, 313 Ga. App. 202, 205, 721 S.E.2d 122, 126 (2011). "Although as a general rule, the question whether a particular communication is defamatory is for the jury, if the statement is not ambiguous and reasonably can have only one interpretation, the question of defamation is one of law for the court." *Speedway Grading Corp. v. Gardner*, 206 Ga. App. 439, 441, 425 S.E.2d 676, 678 (1992).

In order to satisfy the first element, the alleged defamatory statement must be shown to be false, and, as such, "a defamation action will lie only for a statement of fact" since "an opinion or subjective assessment, as to which reasonable minds could differ, cannot be proved false." *Cottrell v. Smith*, 299 Ga. 517, 523, 788 S.E.2d 772, 781, *reconsideration denied* (July 25, 2016), *adopted*, (Ga. Super. 2016), and *cert. denied*, —— U.S. ——, 137 S.Ct. 648, 196 L.Ed.2d 523 (2017) (citing *Gettner v. Fitzgerald*, 297 Ga. App. 258, 261, 677 S.E.2d 149, 153 (2009) ); *see Bryant v. Cox Enterprises, Inc.*, 311 Ga. App. 230, 234, 715 S.E.2d 458, 463 (2011) ("[A]s a general rule, statements of pure opinion are not capable of being proven false and cannot form the basis of a defamation claim.").

The second element requires both that the statement is not privileged and that it is published to a third party. *See Smith*, 341 Ga. App. at 787–88, 802 S.E.2d at 72. Significantly, "whether a statement is privileged is a separate and distinct legal question from whether the statement was published." *Saye v. Deloitte & Touche, LLP*, 295 Ga. App. 128, 133, 670 S.E.2d 818, 823 (2008) (citing *Elder v. Cardoso*, 205 Ga. App. 144, 146–147(2), 421 S.E.2d 753 (1992).

As to establishing fault, the third element, so long as plaintiff is a private individual he need only "prove that defendant acted with ordinary

negligence." *Gettner*, 297 Ga. App. at 263, 677 S.E.2d at 155; *Carbone v. Cable News Network, Inc.*, No. 1:16-CV-1720, 2017 WL 5244176, at *8 (N.D. Ga. Feb. 15, 2017) ("If Plaintiff is a private figure ... he need only show that [defendant] acted with ordinary negligence."). In the event Plaintiff is a public figure, a heightened standard applies which requires proof, "by clear and convincing evidence that the defendant acted with actual malice." *Gettner*, 297 Ga. App. at 263, 677 S.E.2d at 155; *1524948 Alberta Ltd. v. Lee*, No. 1:10-CV-02735, 2011 WL 2899385, at *9 (N.D. Ga. July 15, 2011). "The question whether a particular person is a public figure is a question of law to be decided by the court." *Holt v. Cox Enterprises*, 590 F.Supp. 408, 411 (N.D. Ga. 1984); *Gettner*, 297 Ga. App. at 263, 677 S.E.2d at 154-55.

In order to satisfy the final element, a plaintiff must prove special damages, "such as loss of employment, income, or profits." *Johnson v. Citimortgage, Inc.*, 351 F.Supp.2d 1368, 1377 (N.D. Ga. 2004); *see Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1311 (11th Cir. 1990) ("Special damage is 'the loss of something having economic or pecuniary value,' while general damages include 'impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.'") (quoting *Restatement* 2d *Torts* § 575, comment b and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974) ). Thus, it follows that "[t]he nature of special

damages are such as really took place. They are not to be implied but are to be specifically proved." *Simon*, 895 F.2d at 1318. Where Plaintiff fails to establish special damages through submission of competent evidence and where the alleged defamatory communication does not otherwise constitute defamation *per se,* the claim will fail as a matter of law. *See, e.g.*, *Latson v. Boaz,* 278 Ga. 113, 115 (2004) (finding that the "trial court correctly ruled that [defendant] was entitled to summary judgment" where plaintiff "offered no evidence of special damages, an essential element of their claim...."); *Garner v. Acad. Collection Serv., Inc.*, No. CIV. A.3:04-CV-93, 2005 WL 643680, at *4 (N.D. Ga. Mar. 11, 2005) ("Plaintiff's defamation claim fails, however, because she has not alleged, and it cannot be reasonably inferred from her Complaint, that she has suffered any special damages.").

"The 'of and concerning' test ... is whether persons who knew or knew of the plaintiff could reasonably have understood that the [portrayal] was a portrayal of the plaintiff." *Smith v. Stewart*, 291 Ga. App. 86, 92, 660 S.E.2d 822 (2008); *see also Bell v. Johnson Publ'g Co., LLC*, 2018 WL 357888, at *4 (M.D. Ga. Jan. 10, 2018) (concluding under Georgia law that news articles using pseudonyms contained sufficient detail to be "of and concerning" two of the plaintiffs).

**Invasion of Privacy**: A plaintiff bringing a claim for false light invasion of privacy " 'must show the existence of false publicity that depicts the plaintiff as something or someone which he is not. Next, the plaintiff must demonstrate that the false light in which he was placed would be highly offensive to a reasonable person.' " *Williams v. Cobb Cnty. Farm Bureau, Inc.*, 312 Ga.App. 350 (2011) (quoting *Blakey v. Victory Equip. Sales, Inc.*, 259 Ga.App. 34 (2002)). Importantly, "to survive as a separate cause of action, a false light claim must allege a nondefamatory statement. If the statements alleged are defamatory, the claim would be for defamation only, not false light invasion of privacy." *Bollea*, 610 S.E.2d at 96 n.1. As to public disclosure of private facts, this claim has three elements: "(a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; [and] (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances." *Dep't of Lab. v. McConnell*, 305 Ga. 812, 828 S.E.2d 352, 359 (2019) (alteration in original) (quoting *Cottrell*, 788 S.E.2d at 786).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Defendant (c/o undersigned counsel); and Plaintiff (c/o Alcide Honore; Honore Law, LLC; 675 Ponce DeLeon Ave. NE; Suite 223; Atlanta, Georgia 30308).**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant has not retained or engaged an expert at this time. Defendant reserves the right to supplement if an expert is retained or engaged.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Not Applicable.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected

173068977.3

from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Not Applicable. Defendant has not claimed any damages in her Answer.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Not Applicable.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Not Applicable.**

173068977.3

Respectfully submitted this 8th day of July, 2025.

**FOX ROTHSCHILD LLP**

By:    ***/s/ Jordan B. Forman***
             Jordan B. Forman
             Georgia Bar No. 269298
             Gerald T. Chichester
             Georgia Bar No. 210202
             999 Peachtree Street, NE
             Suite 1500
             Atlanta, Georgia 30309
             Telephone:  (404) 962-1000
             Facsimile:   (404) 962-1200
             jforman@foxrothschild.com
             gchichester@foxrothschild.com
             *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of July, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent e-mail notification of such filing to the following attorneys of record:

> Alcide L. Honoré, Esq.
> Honore Law, LLC
> 675 Ponce De Leon Avenue, NE
> Suite NE223
> Atlanta, Georgia, 30308
> E-Mail: ahonore@honorelaw.com
> *Counsel for Plaintiff*

This 8th day of July, 2025.

> **FOX ROTHSCHILD LLP**
>
> By:    ***/s/ Jordan B. Forman***
> Jordan B. Forman
> Georgia Bar No. 269298
> Gerald T. Chichester
> Georgia Bar No. 210202
> 999 Peachtree Street, NE
> Suite 1500
> Atlanta, Georgia 30309
> Telephone:   (404) 962-1000
> Facsimile:   (404) 962-1200
> jforman@foxrothschild.com
> gchichester@foxrothschild.com
> *Counsel for Defendant*

173068977.3