UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SIMON GUOBADIA**<br>    **Plaintiff,**<br><br>v.<br><br>**PORSHA WILLIAMS,**<br><br>    **Defendant.** | **CIVIL ACTION FILE NO.**<br>**1:24-CV-05346-MHC** |

## PLAINTIFF SIMON IYORE GUOBADIA'S INITIAL DISCLOSURES

**(1)** Plaintiff is properly identified.

**(2)** Plaintiff does not contend that there are any additional necessary parties to this action at this time.

**(3)** Detailed factual basis for Plaintiff's claims:

Plaintiff brings claims for defamation, false light invasion of privacy, and public disclosure of private facts based on a series of online publications, video commentary, and social media content created and disseminated by Defendant Porsha Williams between approximately December 2023 and April 2024.

Defendant's communications falsely implied, and in some instances explicitly conveyed, that Plaintiff suffers from erectile dysfunction, engaged in

1

deceit and fraud, and was unfit for public or social respect. These statements were understood by viewers to be "of and concerning" Plaintiff based on Defendant's prior relationship and public history with Plaintiff, the context of the statements, and their timing. Many of the publications were accompanied by imagery, gestures, or commentary clearly referencing Plaintiff.

The statements were false, malicious, and intended to harm Plaintiff's reputation. Defendant's conduct was particularly egregious given her substantial platform, influence, and the foreseeable reach of her statements across media outlets, blogs, and social media aggregators.

As a result of these false and defamatory publications, Plaintiff suffered reputational harm, public ridicule, embarrassment, and lost opportunities for business and media partnerships. Additionally, Plaintiff has been forced to expend substantial resources to correct the public record and protect his personal and professional reputation.

**(4)** Applicable statutes, codes, regulations, legal principles, and case law:

a. **Defamation** (O.C.G.A. § 51-5-1): Plaintiff must prove (1) a false and defamatory statement concerning him; (2) publication to a third party; (3) fault amounting to at least negligence; and (4) special harm. *Southland Publishing Co. v. Sewell*, 111 Ga. App. 803, 806 (1965), *Smith v. DiFrancesco*, 341 Ga. App. 786, 788, 802 S.E.2d 69 (2017). *Mathis v. Cannon*, 276 Ga. 16, 27 (2002).

2

  b. **False light invasion of privacy**: While false light and defamation share similarities, false light addresses the depiction of the plaintiff in a way that creates an objectionable impression—regardless of whether the specific statements qualify as defamatory. In other words, even if a jury were to conclude that Defendant's statements do not meet the strict elements of defamation, the same comments could still place Plaintiff in a false and offensive light before the public. See Knowledge of or reckless disregard for the falsity. *Cantrell v. Forest City Pub. Co.*, 419 U.S. 245, 251 (1974), *Blue Ridge Bank v. Veribanc, Inc.,* 866 F.2d 681, 688 (4th Cir. 1989).

**(5)** Individuals likely to have discoverable information (Attachment A):

1. **Simon Guobadia**, Plaintiff (c/o undersigned counsel): knowledge regarding statements made, public perception, reputational harm, and damages.
2. **Porsha Williams**, Defendant (c/o defense counsel): author of defamatory publications.
3. PR and talent agents for Plaintiff: may testify as to lost opportunities or reputational damage.
4. Friends, family, and business associates of Plaintiff who witnessed the impact of the statements.

**(6)** Experts under FRE 702, 703, 705 (Attachment B):

Plaintiff has not yet retained any expert witnesses. He reserves the right to supplement this response upon retention of any expert(s), including those addressing reputational harm and damages valuation.

**(7)** Documents, data compilations, and tangible things (Attachment C):

Plaintiff may rely upon the following:

a) Copies and recordings of the social media posts, podcast episodes, and public statements made by Defendant referencing Plaintiff.

b) Screenshots and video excerpts showing third-party publications repeating or amplifying Defendant's claims.

c) Communications with business partners and prospective clients terminating or questioning affiliations.

d) Medical and personal records to rebut implications made by Defendant.

e) Expert reports (once retained).

f) Public commentary from Defendant's followers and broader media coverage.

Documents are in the possession of Plaintiff and undersigned counsel and will be produced or made available pursuant to Fed. R. Civ. P. 34.

**(8)** Computation of damages (Attachment D):

Plaintiff seeks:

4

a) **General damages** for reputational harm, emotional distress, and humiliation: amount to be determined by the jury.

b) **Special damages**: estimated in excess of $500,000 for lost business opportunities and sponsorships.

c) **Punitive damages**: for willful, malicious conduct.

d) **Attorneys' fees and litigation costs**: pursuant to O.C.G.A. § 13-6-11 and other applicable law.

Documentation supporting these damages will be supplemented through discovery and expert analysis.

**(9)** Plaintiff does not currently contend that another person or entity is liable to Plaintiff or Defendant in this matter.

**(10)** No applicable insurance agreements are known at this time.

Respectfully submitted this 15th day of July 2025.

*s/Alcide L. Honoré, Esq.*
GA Bar. No.: 012608
HONORE LAW, LLC
675 Ponce De Leon Ave. NE
Suite NE223
Atlanta, Georgia, 30308
(678) 888-4637 ahonore@honorelaw.com
***Counsel for Plaintiff***

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends e-mail notification of such filing to the Defendants attorneys of record.

## **CERTIFICATION UNDER L.R. 7.1D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that the foregoing document is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Respectfully submitted this 15th day of July 2025.

<u>s/Alcide L. Honoré, Esq.</u>
GA Bar. No.: 012608
HONORE LAW, LLC
675 Ponce De Leon Ave. NE
Suite NE223
Atlanta, Georgia, 30308
(678) 888-4637 ahonore@honorelaw.com
***Counsel for Plaintiff***