# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SIMON GUOBADIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORSHA WILLIAMS, )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION FILE NO.<br>1:24-CV-05346-MHC |

## ORDER REGARDING DISCOVERY

Pursuant to this Court's Standing Order at § II(I)(3), the Parties' respective counsel participated in a conference with the Court on January 6, 2026, to resolve their discovery dispute. Following the conference, this Court orders as follows:

Plaintiff's supplemental responses to Defendant's Interrogatories shall be amended to state with specificity all information within Plaintiff's knowledge or control regarding the following:

With respect to Defendant's Interrogatories No. 3 and 5, Plaintiff must include details regarding the specific and exact nature and substance of the information Plaintiff believes is held by each person listed in Plaintiff's supplemental responses to these interrogatories, including, if applicable, the date, location, subject matter, and names of all participants to any alleged conversations, the content and location of any

documents held by any of the named parties, or any other information Plaintiff believes is held by any of the parties named in his supplemental responses.

With respect to Defendant's Interrogatory No. 6, Plaintiff must provide specific details regarding all damages he believes he incurred as a result of acts or omissions alleged it the Complaint, including, if applicable, dollar amounts (if currently quantifiable), business relationships affected, and the manner in which such relationships were affected, contracts, business deals, or negotiations that were impacted, specific instances that exhibit the alleged reputational harm, and any other relevant facts and information in response to this interrogatory.

Plaintiff must provide this supplemental information and any further information to supplement his responses to any of Defendant's Interrogatories or additional documents to provide in response to Defendant's Requests for Production, by no later than January 20, 2026.

The Parties have agreed to enter a consent protective order to protect certain information that Plaintiff is willing to provide in response to Defendant's Interrogatory No. 13 and Defendant's Interrogatory Nos. 17–22. However, in accordance with the mandates of the Eleventh Circuit, the Court believes strongly in the common-law right of access to judicial proceeding as an "essential component of our system of justice[,]" which can be overcome only by a showing of good cause. See *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Thus, the

Parties are instructed to carefully review the Northern District of Georgia Local Rules Appendix H, Standing Order No. 16-01, Ex. A (II)(J), and adhere closely to its requirements. The Court wishes to emphasize two mandates of this Standing Order which are often overlooked by litigants. First, requests to seal should be as narrowly drawn as possible, with the movant redacting and requesting sealing for "only those portions of the filing for which there is legal authority to seal." <u>Id.</u> Second, it is often the case that the party seeking to use a protected document and filing the motion to seal did not originally produce the document and mark it confidential under the protective order. Under the Standing Order, it is the burden of the party that first marked the document confidential to establish good cause before the Court to seal the document. Thus, it is not sufficient for the non-movant to consent to the motion to seal. Rather, the non-movant must file a brief in support "(i) identify[ing], with specificity, the documents or portions thereof for which sealing is requested by the non-movant and (ii) briefly explain[ing] the nature of the requestor designation made by the non-movant." <u>Id.</u> If the non-movant who marked the information confidential fails to file such a brief, they have not established good cause for sealing, and the motion to seal will be denied.

During the discovery conference, Plaintiff indicated that he has provided all of the information that he is aware of in response to Defendant's Interrogatory Nos. 7 – 9 and Defendant's Interrogatory Nos. 14–16. If Plaintiff is unaware of additional

information to supplement any of these interrogatory responses, the interrogatory response shall be amended to affirmatively state that Plaintiff has no further information to provide at this time.

**IT IS SO ORDERED,** this ___ day of January, 2026.

_____
**MARK H. COHEN**
**United States District Court Judge**
**Northern District of Georgia**

Order Prepared By:

**/s/ Jordan B. Forman**
Jordan B. Forman
Georgia Bar No. 269298
FOX ROTHSCHILD LLP
999 Peachtree Street. NE
Suite 1500
Atlanta. Georgia 30309
Telephone: (404) 962-1000
Facsimile: (404) 962-1200
E-Mail: JForman@foxrothschild.com
*Counsel for Defendant*