**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**SIMON GUOBADIA,**

  **Plaintiff,**

v.

**PORSHA WILLIAMS,**

  **Defendant.**

**CIVIL ACTION FILE**

**NO. 1:24-CV-5346-MHC**

## ORDER

This case comes before the Court on Plaintiff Simon Guobadia's Motion for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Mot. to Dismiss") [Doc. 33].

## I.    BACKGROUND

This action arises out of Defendant Porsha Williams's Instagram posts, which Plaintiff alleges implied that he suffers from erectile dysfunction. See generally Am. Compl. [Doc. 7]; see also March 31, 2025, Order [Doc. 12] at 1-5 (summarizing the factual allegations in this case). On March 31, 2025, the Court entered an Order dismissing Plaintiff's defamation per se and intentional infliction of emotional distress claims, leaving pending Plaintiff's claims for defamation per quod and invasion of privacy—false light. March 31, 2025, Order at 16, 20. After

the Court held a conference on January 6, 2026 [Doc. 26] regarding a discovery dispute and issued an Order on January 9, 2026 [Doc. 30] extending discovery, the discovery period in this case was set to close on February 17, 2026. On January 23, 2026, Plaintiff filed the Motion to Dismiss, in which he seeks dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) "due to uncertainty surrounding his immigration status and the resulting risk that he may be unable to comply with this Court's instruction that he be physically present for trial." Mot. to Dismiss at 2.

## II.    LEGAL STANDARD

Rule 41(a)(2)[1] "allows a plaintiff, with the approval of the court, to dismiss an action voluntarily and without prejudice to future litigation at any time." McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986). The Eleventh

---

[1] The rule provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2).

2

Circuit has repeatedly noted that, "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Id. at 856-57. The Court has "broad equitable discretion . . . to weigh the relevant equities and do justice between the parties." Id. "While the district court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants, the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias v. Cameron, 776 F.3d 1262, 1269 (11th Cir. 2015) (internal citation and quotation omitted).

## III.  DISCUSSION

Plaintiff argues that dismissal of this case without prejudice is warranted because (1) this request is made in an effort to comply with the Court's instructions and not in an effort to avoid adjudication on the merits; and (2) Defendant will not suffer legal prejudice because her "motions to dismiss were denied,"[2] no summary judgment is pending, and discovery has been limited to written discovery.  Mot. to

---

[2] The Court notes that Defendant's first Motion to Dismiss [Doc. 6] was denied as moot because Plaintiff filed an Amended Complaint [Doc. 7]. See generally February 4, 2025, Order [Doc. 8].  Defendant's Second Motion to Dismiss [Doc. 9] was granted in part and denied in part. See generally March 31, 2025, Order.

Dismiss at 2-3. Defendant argues that this action should be dismissed with prejudice under Rule 41(a)(2) because "Defendant has spent substantial time and resources in defending this action and Plaintiff has acted to delay the action by failing to provide timely and adequate responses to Defendant's discovery requests." Def.'s Resp. to Mot. to Dismiss or in the Alternative Motion for Involuntary Dismissal Pursuant to Rule 41(B) [Doc. 34] at 3. Defendant also argues that if the Court dismisses this case without prejudice pursuant to Rule 41(a)(2), an award of attorney's fees and costs "would serve to compensate Defendant for the time and effort she has expended to date and hopefully deter Plaintiff from restarting litigation simply to harass Defendant and force her into spending money defending a claim that Plaintiff has no intention of diligently pursuing." Id. at 9-10.[3]

When considering whether a defendant will suffer legal prejudice from a Rule 41(a)(2) dismissal, courts in this Circuit have considered "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence in

---

[3] Defendant also argues that "[i]n the event that the court determines not to dismiss under Fed. R. Civ. P. 41(a)(2), the Court should instead dismiss Plaintiff's claims for failure to prosecute under FED. R. CIV. P. 41(b)." Id. at 6. However, because the Court dismisses this case pursuant to Rule 41(a)(2) below, the Court does not consider this alternative argument.

4

prosecuting the action, insufficient explanation for a dismissal, and whether a motion for summary judgment has been filed by the defendant." Marshall v. Latin Coll. Preparatory Charter Sch., No. 1:17-CV-3698-WSD, 2018 WL 1156452, at *1 (N.D. Ga. Mar. 5, 2018) (alterations accepted and citation omitted) (collecting cases). Here, the case has not yet advanced to the summary judgment stage. Although issues have occurred around Plaintiff's diligence in responding to Defendant's discovery requests, see [Doc. 26], the Court cannot say that these issues have demonstrated an "excessive delay and lack of diligence in prosecuting the action." Marshall, 2018 WL 1156452, at *1. Furthermore, Plaintiff has an adequate explanation for the dismissal: he is currently unable to enter the country and is attempting to avoid failing to comply with the Court's directive that he must be physically present for trial. Defendant has not pointed to any legal prejudice that she would suffer if this action was dismissed without prejudice. Accordingly, dismissal of this case without prejudice is warranted.

However, "[u]nder Rule 41(a)(2) of the Federal Rules of Civil Procedure, the award of attorney's fees is often made when a plaintiff dismisses an action without prejudice." Murdock v. Prudential Ins. Co. of Am., 154 F.R.D. 271, 273 (M.D. Fla. 1994). The discussion in Guilford v. E*Trade Fin. Corp., No. 1:09-CV-0310-CC, 2010 WL 11651814, at *1 (N.D. Ga. Apr. 30, 2010) is relevant to

Defendant's request for attorney's fees and costs. In <u>Guilford</u>, the plaintiff moved to dismiss her case without prejudice pursuant to Rule 41(a)(2), and the defendant argued that the court should either dismiss the action with prejudice or without prejudice with an award of attorney's fees and costs. <u>Id.</u> at *1. The court agreed, stating:

> [i]n the instant case, as previously noted, Defendant does not oppose the dismissal, and the Court finds that Defendant will not suffer clear legal prejudice if the Court dismisses this action without prejudice. The prejudice suffered by Defendant is more appropriately characterized as practical prejudice. Defendant would not lose any substantial right by the dismissal. Instead, the prejudice suffered by Defendant is the possibility of a second litigation covering the same subject matter as the instant case, which would require Defendant to incur duplicative litigation-related expenses. Under these circumstances, the Court finds that Plaintiff's motion should be granted, on the terms that, should Plaintiff file a new lawsuit against Defendant including any claim raised in this proceeding, arising from her employment with Defendant, or based on the same or similar facts as this proceeding, Plaintiff shall be required to pay all of Defendant's litigation-related expenses, including reasonable attorney's fees, incurred in this action.

<u>Id.</u> at *2 (N.D. Ga. Apr. 30, 2010) (internal citations and quotation omitted); <u>see also id.</u> (collecting cases). The Court finds this reasoning persuasive and, accordingly, conditions Plaintiff's dismissal without prejudice on the requirement that, should he refile this action, he must pay Defendant's reasonable attorney's fees and costs incurred in the instant action.

6

## IV.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff Simon Guobadia's Motion for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) [Doc. 33] is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE** on the terms that, if Plaintiff files an action raising any claim from this proceeding or based on the same or similar facts as this proceeding, Plaintiff shall pay Defendant Porsha Williams's reasonable attorney's fees and costs incurred in the instant case.

The Clerk is **DIRECTED** to close this file.

**IT IS SO ORDERED** this 27th day of March, 2026.

MARK H. COHEN
United States District Judge

7